UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAMERON HOPKINS, )<br>      Plaintiff              )<br>                                   )<br>v.                                     )<br>                                   )<br>SEAN E. YI, TONY P. HSU a/k/a  )<br>TONY TAOFU HSU AND             )<br>JACKYMOON, CORP,                 )<br>      Defendants            )<br>                                   ) | CIVIL ACTION NO.: 4:18-cv-40197 |

**PLAINTIFF'S MOTION FOR AN ORDER TO ALLOW COUNSEL TO REMOVE,
RETRIEVE DATA AND RETURN THE BLACK BOX MODULE
FROM THE TRACTOR TRAILER AT ISSUE**

      Now comes the plaintiff, Cameron Hopkins, who hereby moves this Honorable Court to issue an Order which permits his attorneys and expert (jointly with the defendants' counsel and expert) to remove the black box module from the tractor trailer at issue, take possession thereof and to conduct a joint inspection and download of the data from module.  Once the information download is complete, the module will be returned and reinstalled in the vehicle which remains in the possession of Direnzo Towing and Recovery, Inc. of 139 Providence Turnpike, Millbury, Massachusetts (Direnzo)  and which has a statutory interest in the truck for its storage and cleanup costs.

      This case arises out of a September 12, 2018 motor vehicle collision that occurred on Route 146 in Millbury, Massachusetts.  On that date, the plaintiff Cameron Hopkins was operating his vehicle south on Route 146.  At the same time, a tractor trailer operated by the defendant, Sean E. Yi, and owned by the defendant, Jackymoon, Corp., was travelling north on Route 146.  The defendant, Sean E. Yi, was travelling well in excess of the posted speed limit

and too fast for the weather and road conditions and thereby lost control of the tractor trailer which careened into and over the highway median. As a result, the tractor trailer impeded into the south travel lanes and violently collided near head-on with the vehicle operated by the plaintiff, Cameron Hopkins, and resulted in catastrophic injuries to the plaintiff.

The vehicles that were involved in the collision were towed from the scene by Direnzo and the tractor and trailer owned by the defendant, Jackymoon Corp., is being stored at a Direnzo lot, at present, at a cost of $300/day ($150/day for the truck and $150/day for the trailer).

The defendant owner and operator were insured through Qualitas Insurance Company at the time of the collision. The Commercial Auto Policy issued by Qualitas was a Combined Single Limit (CSL) policy which does not provide separate coverages for property damage, clean up or storage costs resulting from a collision and all claims are deducted from the single (combined) policy limit.

On January 25, 2019, the attorneys representing the plaintiff and defendants, together with their experts, inspected the trailer portion of the truck and attempted to inspect and download the data from the black box module on the tractor. This was not possible due to issues with the electrical system on the truck. Counsel was informed by their experts, that the black box module would have to be removed and taken to a laboratory and the information downloaded. This will be done pursuant to an agreed upon protocol between the parties.

However, since that time, counsel for Direnzo has taken the position that she cannot allow the parties to remove the black box module from the truck because Direnzo is purportedly restrained by the provisions of M.G.L. c. 255 §25 and/or M.G.L. c. 159B §6B which gives Direnzo a statutory lien for its services and which it claims prohibits Direnzo from "allowing destruction or modification of the tractor in any way and [it] therefore cannot allow counsel to

remove the "black box" module for an off-site inspection by counsel."  See Joint Stipulation filed by the Parties on April 11, 2019.

The plaintiff maintains that he is being harmed by Direnzo's refusal to allow the removal, inspection and download of the information from the black box module because the money available to potentially satisfy his claim, and that of all other claimants, is being eroded on a daily basis at exorbitant rates ($300/day) while Direnzo continues to enrich itself at the expense of all other claimants.  The plaintiff needs the information from the module to determine the speed of the tractor trailer on impact and to assess the driver's actions under the circumstances.

Accordingly, the plaintiff respectfully seeks an Order that his attorneys and experts, together with those representing the defendants, be allowed to access to the truck, remove the black box module to an agreed upon location and download any and all relevant data.  The plaintiff agrees that the black box module will be returned to Direnzo in the same condition it was when the module was removed and re-installed in the truck.

WHEREFORE, the plaintiff requests that this Honorable Court enter an Order which allows his attorneys and expert (together with the defendants and their expert) to remove the black box module from the tractor trailer at issue, take possession thereof and to conduct a joint inspection and download of the data from module.  Once the information download is complete, the module is to be returned and reinstalled in the vehicle.  A proposed Order is attached hereto.

The Plaintiff,
CAMERON HOPKINS
By his Attorneys,

*/s/ Paul S. Rainville, Esquire*
Paul S. Rainville, Esquire BBO#561945
prainville@hassettanddonnelly.com
John A. Girouard, Esquire BBO#637939
jgirouard@hassettanddonnelly.com
Hassett & Donnelly, P.C.
446 Main Street 12th Floor
Worcester, MA 01608
(508) 791-6287 (tel)
(508) 791-2652 (fax)

Dated: May 1, 2019

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

I, Paul S. Rainville, counsel of record for the plaintiff, Cameron Hopkins, hereby certify that on May 1, 2019, I contacted counsel for defendant, Christopher Howe, by email to discuss the issues raised in this Motion.

*/s/ Paul S. Rainville, Esquire*
Paul S. Rainville, Esquire

## **CERTIFICATE OF SERVICE**

I, Paul S. Rainville, counsel of record for the plaintiff, Cameron Hopkins, in this action, do hereby certify that on May 1, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Parties may access this filing through the court's CM/ECT System. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

*/s/ Paul S. Rainville, Esquire*
Paul S. Rainville, Esquire
