## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CAMERON HOPKINS,

                   Plaintiff,

      v.

SEAN E. YI, TONY P. HSU a/k/a
TONY TAOFU HSU, and
JACKYMOON CORP.,

                Defendants.

CIVIL ACTION

NO. 4:18-cv-40197-TSH

## REPORT AND RECOMMENDATION

### May 31, 2019

Hennessy, M.J.

      Defendant Tony P. Hsu a/k/a Tony Taofu Hsu ("Hsu") has moved to dismiss Plaintiff's

complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  Dkt.

no. 13.  This Report and Recommendation issues pursuant to District Judge Hillman's referral of

Hsu's motion, which is fully briefed and ripe for adjudication.  Dkt. no. 22 (Order of reference);

see also dkt. no. 13 (motion to dismiss); dkt. no. 14 (memorandum supporting dismissal); dkt.

no. 17 (opposition); dkt. no. 23 (reply in further support of dismissal).  Oral argument was heard

on April 12, 2019.  Dkt. no. 27.  In consideration of the above and for the reasons that follow, the

undersigned RECOMMENDS that Hsu's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2)

be GRANTED.

## I.    FACTUAL BACKGROUND

      At approximately 3:30 p.m. on September 12, 2018, Sean E. Yi ("Yi"), a California

resident and employee of Jackymoon Corp. ("Jackymoon"), a corporation organized under the

laws of, and having a principal place of business in, California, was driving north on Route 146 through Millbury, Massachusetts in a tractor trailer owned by Jackymoon.  Complaint ¶¶ 2–3, 8–9.  Yi was operating the tractor trailer at a speed in excess of the posted limit, and unsuitable for the weather and road conditions.  Id. ¶ 10.  As a result, Yi lost control of the tractor trailer, which crashed into and crossed the median dividing the north and southbound traffic on Route 146.  Id. ¶ 11.

At the same time, Plaintiff, a Sutton, Massachusetts resident, was driving southbound on Route 146 in a vehicle owned by his father.  Id. ¶¶ 1, 7.  After the Jackymoon trailer crossed the median, it collided with Plaintiff's car.  Id. ¶ 12.  An investigation following the collision by the Massachusetts State Police ("MSP") determined that the tractor trailer was speeding upon entering a construction zone and committed a marked lanes violation.  Id. ¶ 14.  Plaintiff alleges that the investigation also unearthed irregularities in the tractor trailer's logs, in violation of the Federal Motor Carrier Safety Regulations.  Id.  He claims the logs were falsified.  Id.

## II.     PROCEDURAL BACKGROUND

On November 21, 2018, Plaintiff filed a negligence complaint against Yi, Jackymoon, and Hsu (together, "Defendants") pursuant to 28 U.S.C. § 1332.[1]  Defendants were served on January 22, 2019.  Dkt. nos. 7, 8, 9.  Yi and Jackymoon each answered the complaint on February 22, 2019.  Dkt. nos. 11, 12.  On the same day, Hsu moved to dismiss for lack of personal jurisdiction.  Dkt. no. 13.

---

[1] The statute establishes this Court's "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).

III.   LEGAL STANDARDS

   A.   Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2)

There are three competing standards of review when analyzing a motion to dismiss for

lack of personal jurisdiction.  World Depot Corp. v. Onofri, No. 16- 12439-FDS, 2017 WL

6003052, at *7 (D. Mass. Dec. 4, 2017).   The most conventional—the prima facie method—

allows the court "to consider only whether the plaintiff has proffered evidence that, if credited, is

enough to support findings of all facts essential to personal jurisdiction."  Foster-Miller, Inc. v.

Babcock & Wilcox Can., 46 F.3d 138, 145 (1st Cir. 1995) (quoting Boit v. Gar-Tec Prods., Inc.,

967 F.2d 671, 675 (1st Cir. 1992)).  The "plaintiff must make the showing as to every fact

required to satisfy 'both the forum's long-arm statute and the due process clause of the

Constitution.'"  Boit, 967 F.2d at 675 (quoting U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894

F.2d 9, 11 (1st Cir. 1990)).  "[T]he court . . . must accept the plaintiff's (properly documented)

evidentiary proffers as true."  Foster-Miller, 46 F.3d at 145.  The plaintiff may not rely on

unsupported allegations: "[t]he prima facie showing of personal jurisdiction must be based on

evidence of specific facts set forth in the record."  Boit, 967 F.2d at 675 (emphasis in original)

(citing Kowalski v. Doherty, Wallace, Pillsbury & Murphy, Att'ys at Law, 787 F.2d 7, 9 (1st Cir.

1986)).  The showing must indicate that the defendant is subject to the jurisdiction of the court

under the state long-arm statute and that the exercise of jurisdiction does not offend due process

considerations.  Rissman Hendricks & Oliverio, LLP v. MIV Therapeutics Inc., 901 F. Supp. 2d

255, 260 (D. Mass. 2012).

The second standard, the preponderance-of-the-evidence method, may be invoked when a

court determines that

> in the circumstances of a particular case it is unfair to force an out-of-state
> defendant to incur the expense and burden of a trial on the merits in the local

> forum without first requiring more of the plaintiff than a prima facie showing of facts essential to in personam jurisdiction.  A court may so determine, for example, when the proffered evidence is conflicting and the record is rife with contradictions, . . . or when a plaintiff's affidavits are 'patently incredible[.]'

Boit, 967 F.2d at 676 (emphasis in original) (citations omitted).  Under this method, the Court "is to embark on a fact finding mission in the traditional way, taking evidence and measuring the plaintiff's jurisdictional showing against a preponderance-of-the-evidence standard."  Kalika, LLC v. Boston & Me. Corp., No. 15-14043-GAO, 2019 WL 1276099, at *3 (D. Mass. Mar. 20, 2019) (quoting Foster-Miller, 46 F.3d at 145).  The standard requires an evidentiary hearing.  Kalika, 2019 WL 1276099, at *3.  Finally, the "likelihood" standard, applicable only where an assertion of jurisdiction is bound up with the claim on the merits, allows a court to "merely find whether the plaintiff has shown a likelihood of the existence of each fact necessary to support personal jurisdiction."  Boit, 967 F.2d at 677; see also Foster-Miller, 46 F.3d at 146.

Hsu's motion to dismiss should be assessed under the prima facie standard of review.  Use of the more demanding preponderance-of-the-evidence method is unwarranted.  The record is not "rife with contradictions," the parties do not dispute material facts, and Plaintiff's evidence is not patently incredible.  See Boit, 967 F.2d at 676.  Rather, as discussed below, this evidence simply fails to satisfy the prima facie standard.  And because Plaintiff's assertion of jurisdiction over Hsu is not bound up with the merits of his claims, the likelihood standard too is inapplicable.  See id. at 677.

B. Personal Jurisdiction

There are two types of personal jurisdiction:  general and specific.  Ace Am. Ins. Co. v. Oyster Harbors Marine, Inc., 310 F. Supp. 3d 295, 303 (D. Mass. 2018) (citing United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992)).  General jurisdiction exists when the litigation is not directly founded on the defendant's forum-

based contact, but the defendant, either as a domiciliary of the forum or due to some significant and continuous activity within the forum state, is considered "at home" in the forum state. Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). To establish specific jurisdiction, a plaintiff must show that 'the cause of action arises directly out of, or relates to, the defendant's forum-based contacts.'" Ace, 301 F. Supp. at 303 (quoting Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994)). Specific jurisdiction over a non-resident must comport with the requirements of the Massachusetts long-arm statute and the Fourteenth Amendment's Due Process Clause. See Moura v. New Prime, Inc., 337 F. Supp. 3d 87, 92–93 (D. Mass. 2018) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 290 (1980)). "In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction is the functional equivalent of a state court sitting in the forum state." Moura, 337 F. Supp. 3d at 92 (quoting Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995)).

Plaintiff argues Hsu purposefully established minimum contacts with Massachusetts such that he can reasonably anticipate being haled into court here. Hsu, on the other hand, maintains he has no contacts with Massachusetts, that he never purposefully availed himself of the privilege of conducting activities in Massachusetts by invoking the protections of its laws, and that being subject to suit in Massachusetts is neither foreseeable nor reasonable. He avers that he has worked and resided in California since 1985; has never owned, rented, or leased property in Massachusetts; has never maintained employment in Massachusetts; and has never been registered, licensed, or otherwise authorized to do business in Massachusetts. Dkt. no. 14-2. Hsu further argues that specific jurisdiction over individual corporate officers, like himself, cannot be based merely on jurisdiction over the corporation; and that no independent basis for jurisdiction exists.

Once a defendant lodges a jurisdictional challenge, the burden to demonstrate the existence of personal jurisdiction rests with the plaintiff.  Carp v. XL Ins., 754 F. Supp. 2d 230, 232 (D. Mass. 2010) (citing Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 9 (1st Cir. 2009)) ("On a motion to dismiss for want of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is 1) statutorily authorized and 2) consistent with the Due Process Clause of the United States Constitution.").  This burden first requires satisfaction of the Massachusetts long-arm statute.  See Rissman, 901 F. Supp. 2d at 260.

1. Massachusetts Long-Arm Statute

The Massachusetts long-arm statute identifies eight grounds on which a nonresident defendant may be subjected to personal jurisdiction by a court within the forum.  MASS. GEN. LAWS ch. 223A, § 3; Moura, 337 F. Supp. 3d at 93.  Relevant here, "[j]urisdiction over the individual officers of a corporation under the Massachusetts long arm statute may not be based on jurisdiction over the corporation."  Levesque v. Schroder Inv. Mgmt. N. Am., Inc., No. 17-12380-NMG, 2019 WL 1383591, at *2 (D. Mass. Mar. 27, 2019) (citing Johnson Creative Arts, Inc. v. Wool Masters, Inc., 573 F. Supp. 1106, 1111 (D. Mass. 1983)).  Rather, there must be an independent basis for jurisdiction over the corporate officer.  LaVallee v. Parrot-Ice Drink Prods. of Am., Inc., 193 F. Supp. 2d 296, 300 (D. Mass. 2002) (citing Johnson, 573 F. Supp. at 1111).  No Massachusetts court has recognized the so-called "fiduciary shield doctrine"[2] as a limitation on the exercise of personal jurisdiction over corporate officers, so the "requirement for an independent jurisdictional basis may be satisfied when a corporate officer transacts in-forum business either in his personal capacity or solely on behalf of the corporation."  Interface Grp.-

---

[2] The doctrine "holds that acts performed by a person in his capacity as a corporate fiduciary may not form the predicate for the exercise of jurisdiction over him in his individual capacity."  Johnson, 573 F. Supp. at 1111.  "[C]ourts in the First Circuit do not recognize the doctrine as a limitation on the Massachusetts long-arm statute."  Rissman, 901 F. Supp. 2d at 264 (collecting cases).

Mass., LLC v. Rosen, 256 F. Supp. 2d 103, 105 (D. Mass. 2003) (emphasis in original) (citing

Yankee Grp., Inc. v. Yamashita, 678 F. Supp. 20, 22 (D. Mass. 1988)).

The state long-arm statute "asserts jurisdiction over the person to the constitutional limit

only when some basis for jurisdiction enumerated in the statute has been established."  Good

Hope Indus., Inc. v. Ryder Scott Co., 389 N.E.2d 76, 80 (Mass. 1979).   To that end, "courts

should consider the long-arm statute first, before approaching the constitutional question."

SCVNGR, Inc. v. Punchh, Inc., 85 N.E.3d 50, 56 (Mass. 2017) (citing Roberts v. Legendary

Marine Sales, 857 N.E.2d 1089, 1092 (Mass. 2006)).

IV.   ANALYSIS

A.  Personal Jurisdiction over Hsu

1.  Long-Arm Statute

Plaintiff alleges that Hsu's activity satisfies § 3(d) of the long-arm statute because "the

defendant was conducting business and/or utilizing the public roadways" of Massachusetts when

the accident occurred.  Dkt. no. 17, at p. 4.  Section 3(d) authorizes the exercise of personal

jurisdiction over a person as to a cause of action arising from the person's:

> causing tortious injury in this commonwealth by an act or omission outside this
> commonwealth if he regularly does or solicits business, or engages in any other
> persistent course of conduct, or derives substantial revenue from goods used or
> consumed or services rendered, in this commonwealth[.]

MASS. GEN. LAWS § 223A, § 3(d).

Plaintiff's argument is not persuasive.  First, it is established that § 3(d) applies only

where general jurisdiction exists over the defendant.  Pettengill v. Curtis, 584 F. Supp. 2d 348,

357 (D. Mass. 2008) ("However, even if the required level of causation were present, § 3(d)

would only apply if general jurisdiction existed over the . . . [d]efendants.");  Conn. Nat'l Bank v.

Hoover Treated Wood Prods., Inc., 638 N.E.2d 942, 944 n.6 (Mass. App. Ct. 1994) (stating "§

3(d) is predicated on general jurisdiction"); see also Krua v. Sirleaf, No. 18-10574-DJC, 2019

WL 1936733, at *4 (D. Mass. May 1, 2019) (citing Pettengill, 584 F. Supp. 2d at 357) (noting

the plaintiffs "have also not alleged sufficient facts to establish general jurisdiction . . . which is

necessary for jurisdiction under § 3(d)").  "For an individual, the paradigm forum for the

existence of general jurisdiction is the individual's domicile . . . ."  Bauman, 571 U.S. at 137

(citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011)).  A court

with general jurisdiction over a defendant may hear and adjudicate all claims against that

defendant, even if such claims are unrelated to the defendant's activities in that forum.

Importantly, Hsu is domiciled in California, and Plaintiff does not argue that this Court is

authorized to exercise general jurisdiction over Hsu.  Second, Plaintiff has not demonstrated that

Hsu, either in a professional or personal capacity, "regularly does or solicits business, or engages

in any other persistent course of conduct, or derives substantial revenue from goods used or

consumed or services rendered, in this commonwealth."  MASS. GEN. LAWS ch. 223A, § 3(d).

For these reasons, Plaintiff's reliance on § 3(d) is inapposite.

Plaintiff does not argue that any other provision of the long-arm statute is applicable.

Perhaps relevant is § 3(a), which authorizes in-forum courts to exercise personal jurisdiction over

persons "transacting any business in this commonwealth," or § 3(b), which authorizes

jurisdiction over those "contracting to supply services or things in this commonwealth."  MASS.

GEN. LAWS ch. 223A, § 3(a)-(b).  "Courts have interpreted [§ 3(a)] broadly to cover instances in

which a defendant engages in 'the purposeful and successful solicitation of business from

residents of the Commonwealth.'"  Krua, 2019 WL 1936733, at *3 (quoting Tatro v. Manor

Care, Inc., 625 N.E.2d 549, 551–52 (Mass. 1994)).  To satisfy this provision, a plaintiff must

allege facts sufficient to demonstrate that the defendant transacted business in Massachusetts,

and that plaintiff's claim arose from such transaction.  Tatro, 625 N.E.2d at 551 (citing Good Hope, 389 N.E.2d at 80).  Plaintiff has not done so.  Absent from Plaintiff's complaint and opposition is any allegation or evidence that Hsu transacted business in, or with a resident of, Massachusetts.  In other words, Plaintiff has not demonstrated that Hsu "has attempted to participate in the Commonwealth's economic life as a 'primary participant' in corporate activities."  See Levasque, 2019 WL 1383591, at *2; see also Calder v. Jones, 465 U.S. 783, 790 (1984).  Nor has Plaintiff demonstrated any proof to support satisfaction of § 3(b).  The mere fact that an accident involving a Jackymoon truck occurred on a roadway in the forum state does not meet Plaintiff's burden to demonstrate that Hsu contracted to supply services in Massachusetts.

For the above reasons, I conclude that Plaintiff has failed to satisfy the requirements of the long-arm statute, which would put an end to the jurisdictional inquiry, Krua, 2019 WL 1936733, at *4, and for this reason alone I recommend that Hsu's motion to dismiss be allowed. Nevertheless, I proceed to the constitutional analysis for the benefit of a full record.[3]

2.  Constitutional Requirements

"The due process clause requires that to subject a nonresident defendant to jurisdiction within a state the defendant must 'have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 59 (1st Cir. 2016) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  The constitutional inquiry therefore requires the plaintiff to demonstrate the following:

---

[3] Concluding the state long-arm statute is not satisfied and thereafter proceeding to the constitutional analysis begets some tension, for satisfaction of the former is a prerequisite to the latter.  Nonetheless, even if Plaintiff had submitted proof, for example, of Hsu's transaction of "any" business in Massachusetts sufficient to satisfy § 3(a) of the long-arm statute, he has failed to identify any in-state activity of Hsu relating to his injury or claims, or that Hsu has purposefully availed himself of the privilege of conducting activities in the forum.  See generally infra § IV.A.2.

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities.  Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable.  Third, the exercise of jurisdiction must . . . be reasonable.

Phillips v. Prairie Eye Ctr., 530 F.3d 22, 27 (1st Cir. 2008) (quoting Adelson v. Hananel, 510

F.3d 43, 49 (1st Cir. 2007)).

Accordingly, "[i]n determining whether the requisite nexus is satisfied, the Court

evaluates 1) relatedness, 2) purposeful availment[,] and 3) reasonableness.  Levesque, 2019 WL

1383591, at *2 (citing Cossart v. United Excel Corp., 804 F.3d 13, 20 (1st Cir. 2015)).

a.   Relatedness

The first prong of the constitutional test—relatedness—asks whether "the claim[s]

underlying the litigation . . . directly arise out of, or relate to, the defendant's forum-state

activities."  N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 25 (1st Cir. 2005) (quoting 163

Pleasant St., 960 F.2d at 1089).  This test is a "flexible, relaxed standard."  Pritzker, 42 F.3d at

61.  However, the inquiry demands more than just an attenuated connection between Hsu's

forum-state contacts and Plaintiff's claims.  Indeed, Hsu's contacts with Massachusetts must

form an important or, at the least, material element of proof in the plaintiff's case.  See Prairie

Eye, 530 F.3d at 27 (citing Harlow v. Children's Hosp., 432 F.3d 50, 61 (1st Cir. 2005)).  "In

order to determine if a claim 'arises out of' or is 'related to' the defendant['s] contact, the court

must first determine if there is a nexus between the defendant['s] contacts and the plaintiff['s]

causes of action."  Levin v. Harned, 304 F. Supp. 2d 136, 167 (D. Mass. 2003).

According to Plaintiff, what are Hsu's forum-based contacts?  Plaintiff contends Hsu, as

CEO, had the responsibility to properly screen, hire, and supervise Jackymoon employees, and to

inspect and maintain its vehicles in order to comply with the Federal Motor Carrier Safety

Regulations.  Dkt. no. 17, at p. 5.  The problem with this contention is it fails to allege forum-based contacts.  There is no allegation that Hsu screened, hired, or supervised employees in Massachusetts, or failed to inspect and maintain corporate vehicles in Massachusetts.  While it is without dispute that Jackymoon's truck was in Massachusetts, and relates to the litigation, that is not Hsu's forum-based contact, but the corporation's.

Plaintiff further argues that Hsu's activities are related to Massachusetts because, as CEO of a trucking company, he should have been aware that "his tractor trailers would be entering public roadways throughout the United States."  Id.  The argument boils down to Plaintiff's assertion that a trucking executive is amenable to personal jurisdiction because he is aware corporate trucks may travel on roadways in the states.  Plaintiff establishes an insufficient, attenuated connection between Hsu's obligations as CEO and Massachusetts.

Moreover, the relatedness requirement "authorizes the court to take into account the strength (or weakness) of the plaintiff's relatedness showing in passing upon the fundamental fairness of allowing the suit to proceed."  Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 207 (1st Cir. 1994).   And it is established that "[w]hether a plaintiff['s] claim 'arises out of' a nonresident defendant's activities in [Massachusetts] turns on whether those actions can be said to be the legal, or proximate cause of the injuries suffered by plaintiff[]."  Lang v. Corp. De Hoteles, S.A., 522 F. Supp. 2d 349, 362 (D.P.R. 2007) (citing Pizarro v. Hoteles Concorde Int'l, C.A., 907 F.2d 1256, 1259 (1st Cir. 1990)); see also Ticketmaster, 26 F.3d at 207 (noting the relatedness requirement "ensures that the element of causation remains in the forefront of the due process investigation").   Here, the record suggests Plaintiff's injury resulted from Yi's failure to obey the posted speed limit and satisfactorily respond to inclement driving conditions, not because Jackymoon's trailer was unsafe, or improperly maintained, or because of irregularities

respecting Federal Motor Carrier Safety Regulation logs, or because Yi should not have been hired at first instance.  Simply, the record does not demonstrate that Hsu's conduct, if even sufficiently alleged, is related to Plaintiff's claims or, even, Massachusetts.[4]

    b.  <u>Purposeful Availment</u>

"The purposeful availment test requires consideration of whether the defendant's contacts with the forum represent a purposeful availment of the privilege of conducting activities in the forum, thereby involving the benefits and protections of its laws in making the defendant's involuntary presence in the state courts foreseeable."  <u>Levin</u>, 304 F. Supp. 2d at 151 (citing <u>Philips Exeter Acad. v. Howard Phillips Fund</u>, 196 F.3d 284, 292 (1st Cir. 1999)).  The focus is on "voluntariness and foreseeability."  <u>Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.</u>, 290 F.3d 42, 61 (1st Cir. 2002) (quoting <u>Sawtelle</u>, 70 F.3d at 1391).  The former "requires that the defendant's contacts with the forum state 'proximately result from actions by the defendant <u>himself</u>.'"  <u>Prairie Eye</u>, 530 F.3d at 27 (emphasis in original) (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985)).  Secondly, foreseeability requires the defendant's contacts with the forum to be of a nature that the defendant could "reasonably anticipate being haled into court there."  <u>World-Wide Volkswagen</u>, 444 U.S. at 297.  These requirements protect defendants from suit in a jurisdiction because of "random," "fortuitous," or "attenuated" contacts.  <u>Burger King</u>, 471 U.S. at 475.

Plaintiff does not allege facts sufficient to demonstrate Hsu's voluntary contacts with the forum state.  Purposeful availment is not shown simply by reciting Hsu's position as CEO of

---

[4] To the extent that Plaintiff contends that Hsu is subject to personal jurisdiction in Massachusetts because he violated the Federal Motor Carrier Safety Act, Plaintiff has cited no authority to support such an argument, nor does he state a claim for relief under the Act, assuming, <u>arguendo</u>, that he may.  <u>See, e.g.</u>, <u>Webb v. Brandon Express, Inc.</u>, No. 09-cv-00792-WYD, 2009 WL 5210097, at *3 (D. Col. Dec. 23, 2009) (holding the same).  As a result, any reliance on the Act to confer personal jurisdiction over Hsu would be improper.  <u>See id.</u>

Jackymoon.  See M-R Logistics, LLC v. Riverside Rail, LLC, 537 F. Supp. 2d 269, 280 (D. Mass. 2008) ("While Massachusetts courts have consistently rejected a blanket rule that employees who act in their official capacity are absolutely shielded from suit in their individual capacity (the so-called 'fiduciary shield doctrine'), more than mere participation in the corporation's affairs is required."); see also Sentient Jet, LLC v. Apollo Jets, LLC, No. 13-cv-10081-DJC, 2014 WL 1004112, at *4 (D. Mass. 2014) (noting jurisdiction may not be exercised over a corporate officer, with no contacts with the forum state, "merely because of the position which the defendant holds with the corporation").  In other words, generalized allegations that Hsu, as CEO, was responsible for the inspection and maintenance of the tractor trailer, and for the supervision, hiring, and training of Jackymoon employees, illustrate, at best, a fortuitous or attenuated connection to Massachusetts.  The record is devoid of any allegation that Hsu voluntarily availed himself of the privilege of conducting business in Massachusetts, either individually or on behalf of Jackymoon.

Moreover, while Plaintiff claims that the tractor trailer "was in violation of the Federal Motor Carrier Safety Regulations in that [its] paper and electronic logs were found [by the MSP] to have been falsified," he provides no factual allegations in support of this legal conclusion. Dkt. no. 1 ¶ 14; see also Ticketmaster, 26 F.3d at 203 (noting that conclusory allegations need not be credited).  The MSP incident report appended to Plaintiff's opposition too is silent as to this claim.  Dkt. no. 17-1.  Yet even if Plaintiff set forth a factual nexus between Hsu's corporate obligations and a violation of some federal safety regulation, missing still is any voluntary contact by Hsu with the forum state.  Without that, Hsu could not reasonably anticipate being haled into court here.  See World-Wide Volkswagen, 444 U.S. at 297.  Mere awareness that

13

Jackymoon's trailers might enter public roadways throughout the several states does not satisfy the standard.

    c.  <u>Reasonableness</u>

    The third prong—reasonableness—examines whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."  <u>Int'l Shoe</u>, 326 U.S. at 316.  Courts have developed a series of "gestalt factors" that bears on the fairness of subjecting a nonresident to suit in a foreign tribunal:

> (1) the defendant's burden of appearing [in the forum state], (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

<u>Moura</u>, 337 F. Supp. 3d at 98 (alteration in original) (quoting <u>C.W. Downer & Co. v. Bioriginal Food & Sci. Corp.</u>, 771 F.3d 59, 69 (1st Cir. 2014)).  These factors play larger roles in cases "where the minimum contacts question is very close."  <u>C.W. Downer</u>, 771 F.3d at 69 (quoting <u>Adelson</u>, 510 F.3d at 51).  Indeed, "the reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction."  <u>Ticketmaster</u>, 26 F.3d at 210.

    Here, given Plaintiff's weak showing on relatedness and purposeful availment, a reasonableness inquiry is not triggered.  <u>See Sawtelle</u>, 70 F.3d at 1394 (noting "the gestalt factors come into play only if the first two segments of the test for specific jurisdiction have been fulfilled"); <u>see also</u> <u>Callahan v. Harvest Bd. Int'l, Inc.</u>, 138 F. Supp. 2d 147, 165 (D. Mass. 2001) (adopting report and recommendation and granting without prejudice motion to dismiss where plaintiff failed to satisfy relatedness and purposeful availment requirements).  Nevertheless, I

briefly address the third prong of the constitutional examination for purposes of providing a full discussion.  As a preliminary matter, I note that Plaintiff's weak showing on the relatedness and purposeful availment prongs consequently requires a significant showing of reasonableness. Ticketmaster, 26 F.3d at 210.

First, Plaintiff suggests that Hsu's burden of defending in Massachusetts is minimal because he "should well know that he could be sued in Massachusetts" and "is represented by a law firm that has offices in Boston."  Dkt. no. 17, at p. 7.  Hsu's foreseeability of being sued in a Massachusetts court has been addressed, above; such argument therefore fails to demonstrate that jurisdiction over Hsu in Massachusetts is reasonable.  Further, consideration of the location of Hsu's counsel is inappropriate for the jurisdictional analysis.  "It would be conceptually incoherent to permit the court to look to post-complaint contacts" to prove an authority to exercise personal jurisdiction.  Noonan v. Winston Co., 135 F.3d 85, 95 (1st Cir. 1998).  That Hsu, a California resident, hired local counsel to respond to the complaint does not satisfy traditional notions of fair play and substantial justice.  While Hsu has not demonstrated any "special or usual burden" of appearing in the forum state, Pritzker, 42 F.3d at 64, the lack of any allegation of Hsu's forum-related contact and purposeful availment of the laws of Massachusetts favors dismissal.

The second factor concerns the forum state's interest in adjudicating Plaintiff's claims. Massachusetts certainly has a general interest in adjudicating its citizens' claims against nonresidents.  But while Massachusetts has a legitimate desire to offer protection and redress to its citizens, see Noonan, 135 F.3d at 92 (citing § 3(c) of the long-arm statute), here the long-arm statute is not sufficiently implicated, which suggests that the forum state's interest is not strong. Indeed, Plaintiff has not demonstrated any minimal contacts with Massachusetts such that Hsu

15

can be said to have purposefully availed himself of the privileges of conducting business here. Thus, the forum-state's interest in adjudicating <u>this</u> dispute is shallow.

The third gestalt factor weighs in Plaintiff's favor, as it does most often. Plaintiff's interest in obtaining convenient and effective relief certainly is high.

Neither of the remaining two factors—the judicial system's interest in obtaining the most effective resolution of the controversy, and the common interests of all sovereigns in promoting substantive social policies—supports a finding of jurisdiction. As a whole, the federal judiciary bears a strong interest in the uniform application of its jurisdictional rules and constitutional due process principles. Finding personal jurisdiction reasonable under these circumstances, where no voluntary, in-forum contacts or purposeful availment has been shown, would run counter to that interest. Such a finding essentially would shift the burden at the outset to defendants to demonstrate that a court may <u>not</u> exercise personal jurisdiction. Such an outcome "would eviscerate the requirement that plaintiffs provide affirmative proof of their jurisdictional allegations." <u>Boit</u>, 967 F.2d at 681.

Finally, "the purpose of the gestalt factors is to aid the court in achieving substantial justice, particularly where the minimum contacts question is very close." <u>Nowak v. Tak How Invs.</u>, Ltd., 94 F.3d 708, 717 (1st Cir. 1996). For the above reasons, the gestalt factors fail to tip the constitutional balance, especially in any significant way. <u>See</u> <u>id.</u> (citing <u>Ticketmaster</u>, 26 F.3d at 209). I conclude that Plaintiff has failed to present specific facts to support his claim that this Court may exercise personal jurisdiction over Hsu. <u>See</u> <u>Foster-Miller</u>, 46 F.3d at 145. He has not met his burden to demonstrate an "independent basis" for jurisdiction other than Hsu's status as CEO of Jackymoon. <u>See</u> <u>Levesque</u>, 2019 WL 1383591, at *2; <u>LaVallee</u>, 193 F. Supp.

2d at 300.  Continued maintenance in this forum of the claims against Hsu therefore would

"offend traditional notions of fair play and substantial justice."  Int'l Shoe, 326 U.S. at 316.

      B.  <u>Jurisdictional Discovery</u>

      In the alternative, Plaintiff requests that the Court:  (i) enter an Order authorizing limited

jurisdictional discovery respecting Hsu; (ii) allow Plaintiff to file a supplemental brief following

such discovery; and (iii) stay further proceedings on Hsu's motion to dismiss in the interim.  Dkt.

no. 17, at pp. 8–10.  Hsu opposes such request, arguing Plaintiff has failed to identify specific

facts which he seeks in order to make a prima facie showing, and therefore jurisdictional

discovery is not warranted.  Dkt. no. 23, at pp. 4–6.

      A request for jurisdictional discovery following the interposition of a jurisdictional

defense requires careful attention.  <u>United States v. Swiss Am. Bank, Ltd.</u>, 191 F.3d 30, 45–46

(1st Cir. 1999) (citing <u>Sunview Condo. Ass'n v. Flexel Int'l, Ltd.</u>, 116 F.3d 962, 964 (1st Cir.

1997)).  This Court "has discretion to permit jurisdictional discovery if a plaintiff puts forth a

colorable claim of personal jurisdiction and 'present[s] facts to the court which show why

jurisdiction would be found if discovery were permitted.'"  <u>Pettengill</u>, 584 F. Supp. 2d at 361

(alteration in original) (quoting <u>United States v. Swiss Am. Bank, Ltd.</u>, 274 F.3d 610, 626 (1st

Cir. 2001).  Failure to allege specific facts can be fatal to such a request.  <u>Swiss Am. Bank</u>, 274

F.3d at 626–27 (citing <u>Noonan</u>, 135 F.3d at 94; <u>Crocker v. Hilton Int'l Barbados, Ltd.</u>, 976 F.2d

797, 801 (1st Cir. 1992)).

      Plaintiff contends that jurisdictional discovery is warranted "due to the fact that the

Massachusetts State Police investigation discovered evidence of the tractor trailer's violation of

Federal Motor Carrier Safety Regulations in that the tractor trailer's paper and electronic logs

were found to have been falsified."  Dkt. no. 17, at p. 8.  He proposes that the limited discovery

would concern Hsu's contacts with Massachusetts and Hsu's relationship to the events at issue in the litigation, including Hsu's negligent hiring and training of Yi.  Id. at 10.  In the view of the undersigned, these contentions fail to warrant jurisdictional discovery.

Plaintiff has not put forward a colorable claim of personal jurisdiction, a condition precedent for jurisdictional discovery.  See Swiss Am. Bank, 274 F.3d at 626–27.  I interpret the prerequisite that a plaintiff put forward a "colorable claim" of personal jurisdiction to require that plaintiff allege a facially reasonable basis for jurisdiction.  See Colorable Claim, BLACK'S LAW DICTIONARY (10th ed. 2014) ("A claim that is legitimate and that may reasonably be asserted, given the facts presented and the current law (or a reasonable and logical extension or modification of the current law)."); see also Swiss Am. Bank, 274 F.3d at 622–23 (allegation that defendant bank disbursed funds ordered forfeited to the United States as a result of a plea in a drug and money laundering prosecution to Antiguan authorities); Sunview Condo., 116 F.3d at 964 (allegation that radiant heating panel manufactured by corporation's predecessor caused fire at condominium complex); Surpitski v. Hughes-Keenan Corp., 362 F.2d 254, 255–56 (1st Cir. 1966) (allegation that corporate defendants manufactured and maintained lift in which plaintiff sustained injuries).

Plaintiff's allegations fail to meet this standard.  While the record contains allegations of the general relationship between Hsu and Jackymoon, absent are allegations of specific contacts between Hsu and Massachusetts sufficient to demonstrate that personal jurisdiction is statutorily authorized and consistent with the Due Process Clause of the U.S. Constitution.[5]  See Astro-Med, Inc., 591 F.3d at 9.  At least on this record, Plaintiff has failed to put forward a colorable claim of personal jurisdiction.

---

[5] See generally supra § IV.A. (containing the jurisdictional analysis).

Similarly, to warrant jurisdictional discovery, Plaintiff has "the obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted." Me. Med. Ctr. v. United States, 675 F.3d 110, 119 (1st Cir. 2012) (quoting Swiss Am. Bank, 274 F.3d at 626); Pettengill, 584 F. Supp. 2d at 361 ("In the absence of specific allegations that might give rise to personal jurisdiction, [plaintiff] has not satisfied his burden to justify jurisdictional discovery.  Therefore, his request for jurisdictional discovery is being denied").  The facts Plaintiff has presented in support of jurisdictional discovery may be summarized as follows:  Hsu is the CEO of a California trucking company.  One of its drivers negligently drove a company truck in Massachusetts, resulting in serious injury to Plaintiff.  MSP's investigation of the accident determined that paper and electronic logs found in the truck were falsified.  These facts, even with Plaintiff's unsubstantiated allegation that Hsu negligently hired, trained, and supervised the driver, are insufficient to show that jurisdiction over Hsu in Massachusetts will be found if discovery were permitted.  Assessed in terms of the Massachusetts long-arm statute, they do not suggest that Hsu (as opposed to Jackymoon) transacted business in Massachusetts, contracted to supply services or things in Massachusetts, or caused tortious injury by an act or omission in Massachusetts.  See MASS. GEN. LAWS ch. 223A, § 3(a)–(c).  Nor would these facts support jurisdiction under § 3(d) because the absence of facts or allegations that Hsu "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered," in Massachusetts.  Id. § 3(d).

Plaintiff's cautionary argument that failure to provide jurisdictional discovery may be an abuse of discretion also misses the mark.  Unlike here, the cases upon which Plaintiff relies concern the exercise of personal jurisdiction over corporate entities.  See, e.g., Swiss Am. Bank,

191 F.3d at 45–46; Boit, 967 F.2d at 680–81; Momenta Pharm., Inc. v. Amphastar Pharm., Inc., 841 F. Supp. 2d 514, 518 (D. Mass. 2012).  These cases demonstrate the utility of limited jurisdictional discovery when a corporate defendant moves for dismissal:  if a corporate entity's motion is granted—without an abeyance and opportunity for limited discovery—the plaintiff would not have any opportunity to assess the corporate defendant's involvement in the action through merits discovery in due course.  Here, Plaintiff does not have this issue.  Jackymoon, the corporate defendant in this action, is subject to this Court's jurisdiction.  Plaintiff will obtain merits discovery from Jackymoon in due course, which will provide information regarding its employees' and/or officers' involvement in the events giving rise to the instant action.  And if what Plaintiff broadly alleges against Hsu is true, and "discovery [from Jackymoon] develops evidence demonstrating personal jurisdiction exists in Massachusetts over [Hsu], [Plaintiff] may move to have [Hsu] added as [a party] again."[6]  Pettengill, 584 F. Supp. 2d at 361 (citing Kleinerman v. Morse, 533 N.E.2d 221, 225 (Mass. App. Ct. 1989)); see also Barrett v. H & R Block, Inc., 652 F. Supp. 2d 104, 116 (D. Mass. 2009).

Plaintiff correctly points out that it might be an abuse of discretion to deny jurisdictional discovery where the "incomplete nature of the record prevent[s] any sort of conclusive determination on the personal jurisdictional issue," such as where the court proceeds to decide the jurisdictional issue without any input from the plaintiff, or without oral argument or brief

---

[6] "Unless the dismissal order states otherwise, a dismissal under [Fed. R. Civ. P. 41](b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b) (emphasis added).  Yet still, while res judicata may not bar a court from adjudicating, in an alternative forum, a claim dismissed for lack of personal jurisdiction, "the doctrine of collateral estoppel 'precludes relitigation of the issues determined in ruling on the jurisdictional question.'"  See Mortimer Off Shore Servs., Ltd. v.Fed. Republic of Germany, No. 10-11551-RWZ, 2012 WL 1067648, at *10 (D. Mass. Mar. 28, 2012) (quoting Muñiz Cortes v. Intermedics, Inc., 229 F.3d 12, 14 (1st Cir. 2000)).  I therefore recommend that the Court dismiss Hsu from the instant action without prejudice to Plaintiff reasserting personal jurisdiction at a later time if appropriate.  See Pettengill, 584 F. Supp. 2d at 361; cf. Gross v. Sun Life Assur. Co. of Can., No. 09-11678-RWZ, 2010 WL 3564720, at *2 (D. Mass. Sept. 9, 2010) (allowing motion to dismiss claims without prejudice to the plaintiff amending complaint).

submissions.  United Elec. Radio & Mach. Workers of Am. (UE) v. 163 Pleasant St. Corp., 987

F.2d 39, 47 (1st Cir. 1993); Surpitski, 362 F.2d at 255.  Here, however, the record is developed

by briefing and argument:  Hsu's fully briefed motion contains Plaintiff's thoughtful opposition,

and oral argument was heard April 12, 2019.  Yet Plaintiff's record submissions fail to

demonstrate an authority to exercise personal jurisdiction over Hsu and to allege specific facts in

support of the request for jurisdictional discovery.  A denial of the request, on this record, does

not offend any of the above considerations.  Swiss Am. Bank, 274 F.3d at 626 (quoting Crocker,

976 F.2d at 801).  Nor would such decision substantially prejudice Plaintiff.

I therefore conclude that jurisdictional discovery and a stay of proceedings are

unwarranted.

## Conclusion

For the foregoing reasons, I conclude the Court lacks personal jurisdiction over

Defendant Tony P. Hsu a/k/a Tony Taofu Hsu.  I therefore RECOMMEND that Hsu's motion to

dismiss (dkt. no. 13) be ALLOWED, without prejudice, with leave to Plaintiff to reassert

personal jurisdiction at a later time, if warranted, pursuant to the development of discovery in

due course.[7]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[7] The parties are notified that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of service of this Report and Recommendation.  The written objections must identify with specificity the portions of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72(b)(2).  The United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See, e.g., United States v. Diaz-Rosado, 857 F.3d 89, 94 (1st Cir. 2017); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).