UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAMERON HOPKINS,<br><br>                    Plaintiff,<br>     v.<br><br>SEAN E. YI and<br>JACKYMOON CORP,<br><br>                    Defendants. | Civil Action No. 4:18-CV-40197-TSH |

## REPORT AND RECOMMENDATION

**October 16, 2019**

Hennessy, M.J.

      Plaintiff moves for injunctive relief against non-party Direnzo Towing & Recovery Inc. in the form of a request to move private property currently held in bailment. This court need not address any of the arguments made because jurisdiction to grant the relief requested is clearly lacking. It is axiomatic that "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person or the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) (citing Pennoyer v. Neff, 95 U.S. 714 (1878)). Accordingly, Plaintiff's motion is denied. See R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 957 (4th Cir. 1999) ("Injunctive relief, by its very nature, can only be granted in an *in personam* action commenced by one party against another in accordance with established process. Consequently, a party cannot obtain injunctive relief against another without first obtaining *in personam* jurisdiction over that person . . .."). Though not necessary to resolving this motion, the undersigned struggles to discern how the instant lien dispute has any relation to the underlying negligence claim which forms the subject of this litigation. Therefore, even if jurisdiction were proper, this court is

skeptical that injunctive relief in the manner Plaintiff requests would ever be possible. See Candelaria v. Baker, No. 00–CV–0912E (SR), 2006 WL 618576 at *3 (W.D.N.Y. Mar. 10, 2006) ("To prevail on a motion for [] injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.").

## CONCLUSION

For the foregoing reasons, this court RECOMMENDS that Plaintiff's Motion for Court Order to Move Tractor-Trailer, for Division of Costs, and to Escrow of Insurance Money be DENIED with prejudice.[1]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[1] The parties are notified that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of service of this Report and Recommendation. The written objections must identify with specificity the portions of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72(b)(2). The United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See, e.g., United States v. Diaz-Rosado, 857 F.3d 89, 94 (1st Cir. 2017); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).