UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>CAMERON HOPKINS                                         )<br>        Plaintiff,                                           )<br>v.                                                                   )<br>                                                                      )<br>SEAN E. YI, JACKYMOON CORP.,               )<br>GREENMAN-PEDERSEN, INC., AND         )<br>HILL & SMITH INC.,                                     )<br>        Defendants,                                        )<br>                                                                      )<br>and                                                                )<br>                                                                      )<br>J.H. LYNCH & SONS, INC.,                           )<br>        Defendant/Third-Party Plaintiff,       )<br>                                                                      )<br>v.                                                                   )<br>                                                                      )<br>NORTHEAST TRAFFIC CONTROL            )<br>SERVICES, INC.,                                            )<br>        <u>Third-Party Defendant.</u>                    )<br>RAMON FELIPE FERREIRA,                       )<br>        Plaintiff,                                            )<br>                                                                      )<br>v.                                                                   )<br>SEAN E. YI, JACKYMOON CORP., ET. AL.)<br>                                                                      )<br>        Defendants.                                        )<br>_____ ) | **Consolidated Cases**<br>4:18-cv-40197-TSH<br>1:19-cv-40045-TSH |

### **DEFENDANT GREENMAN-PEDERSEN, INC.'S MOTION *IN LIMINE* TO PRECLUDE EXPERT TESTIMONY OR REFERENCE BY PLAINTIFF THAT CONCRETE BARRIERS WOULD HAVE RESULTED IN DIFFERENT OUTCOME OR IN THE ALTERNATIVE FOR VOIR DIRE OF PLAINTIFF'S EXPERT ON THIS ISSUE**

Greenman-Pederson, Inc. ("GPI") moves *in limine* to preclude Plaintiff, his attorneys, and Plaintiff's experts from making any reference to, or eliciting any testimony concerning, the performance of concrete barriers at the project or suggesting that there would have been a different outcome if concrete barriers were used, and striking any similar references in Plaintiff's experts' reports. As grounds therefore, GPI states the following:

1

It is anticipated that Plaintiff's experts will make statements that the use of concrete barriers, a heavier barrier, at the project would have resulted in a different outcome. Plaintiff and his experts have offered no support for any such statements or conclusions. None of Plaintiff's experts performed any testing or calculations to determine whether concrete barriers, including those identified in the Special Provisions, would have complied with the deflection requirements of the Special Provisions, or how these TL-3 barriers would have performed under impact from the tractor-trailer in this case.

Plaintiff's expert, Daniel Dulaski, testified that he did not perform any calculations to determine how certain concrete barriers would have performed under different crash scenarios. Deposition of Daniel Dulaski, 79:10-14, 23-24-80:1-6, attached as Exhibit A. Mr. Dulaski conceded that testing of the concrete barriers referenced in the Special Provisions (the California K-Rail and Texas DOT New Jersey barriers) showed they did not comply with the 3" deflection requirement of the Special Provisions. *See* Exhibit A, at 227:7-24-228:1-8.

Plaintiff's accident reconstructionist, Brian Chase, testified that he is not a barrier expert. Mr. Chase likewise did not perform any barrier testing, and offered no opinion as to whether any concrete barrier, including those mentioned in the Special Provisions, would have complied with the deflection requirement contained in the Special Provisions. Although Mr. Chase ran several simulations, these were not done on a program designed for analyzing barriers. Deposition of Brian Chase, 182:13-20, attached as Exhibit B.

Plaintiff's expert, Edward Chase, also acknowledged that he is not a "barrier crash expert," and does not "pretend to be." Deposition of Edward Chase, at 192:18-19, attached as Exhibit C. Edward Chase did not prepare any calculations concerning kinetic energy or the forces at work in an impact for any type of barrier. *See* Exhibit C, at 234:18-22.

Thus, there is no evidence concerning how concrete barriers would have performed at the project, let alone evidence that using concrete barriers at the project would have resulted in a different outcome.

Accordingly, GPI moves *in limine* to preclude the Plaintiff, his attorneys, and Plaintiff's experts from making any reference to, eliciting testimony, or suggesting that there would have been a different outcome had concrete barriers been used on the project. Alternatively, GPI moves for voir dire of Plaintiff's experts on this issue.

Date:  September 7, 2022			Respectfully submitted,

					The Defendant,
					Greenman-Pedersen, Inc.,
					By Its Attorneys,


					*/s/ Patrick T. Voke*
					Patrick T. Voke, Esq. BBO#553033
					Shanna M. Boughton, Esq. BBO#677546
					Marisa K. Roman, Esq. BBO#694617
					McGlinchey Stafford
					One Boston Place, Suite 2910
					Boston, MA 02108
					Phone: (857) 453-7171
					Fax: (617) 830-0655
					pvoke@mcglinchey.com
					sboughton@mcglinchey.com
					mroman@mcglinchey.com

## **CERTIFICATE OF SERVICE**

This is to certify that on September 7, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

					*/s/ Patrick T. Voke*
					Patrick T. Voke, Esq.